## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON, MASSACHUSETTS

_____

SAMUEL KINUTHIA GICHARU,

    Plaintiff,

    v.

DONNA CARR, Chief Clerk, Board of
Immigration Appeals; JAMES McHENRY,
Director, Executive Office for Review; and
MICHAEL E. HOROWITZ, Civil Rights &
Civil Liberties Complaints, U.S Department of
Justice,

    Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 18-10927-IT

### Plaintiff's Amended Complaint

Now comes counsel on behalf of the Plaintiff to request relief as follows:

**Background & Factual allegations**

1.  Plaintiff,  Samuel Kinuthia Gicharu, shortly after arriving in the United States on a visitor's
    visa in May of 2003, filed an affirmative application for relief in the form of asylum based on
    the attacks he and his family suffered.

2.  An Immigration Judge ordered Plaintiff removed on May 16, 2011 denying Plaintiff's
    applications for asylum, withholding of removal, and relief under the Convention against
    Torture. Plaintiff's prior counsel filed a Motion to Reopen and appeal of that decision. The
    Board of Immigration Appeals ("BIA" or "Board") made a final order of removal against the
    Plaintiff on March 8, 2013 (March 2013 decision). **See Exhibit** 1

3.  Plaintiff brings this complaint against BIA, as  Plaintiff did not receive actual or constructive
    notice of BIA deportation proceedings; it would be a violation of Plaintiff's rights under the
    Fifth Amendment of the Constitution to deport Plaintiff in absentia.

4. Plaintiff did not receive BIA March 8th 2013 decision notice of deportation proceedings enclosed. The defendants 'BIA' named failed to notify Plaintiff as required by law.

5. Plaintiff's Attorney Meyers had moved office to storage facility and had notified BIA of his P.O Box address. See enclosed attorney Meyers hand written letter to BIA indicate that he had notified BIA of his new PO Box address where he expected to receive correspondence from BIA. see exhibit 2

6. BIA has not provided proof that attorney Meyers received BIA decision to advise Plaintiff that Plaintiff could file a petition for review with the Circuit court within 30 days or other recourse. see exhibit 3 -texts

7. Attorney Meyer's texts enclosed further indicates he learnt of the BIA decision May 2nd 2013 (almost two months after BIA made decision) and after Plaintiff inquired from him and only after Meyers called the 1800 number.  Attorney Meyer's text further confirm he had not received BIA decision and was going to ask for a copy of the decision on May 3rd 2013. Attorney Meyers never gave Plaintiff this decision.

8. To date the March 2013 BIA decision has not been reviewed by the circuit court. BIA has no evidence to indicate this 2013 BIA decision was received. Plaintiff had updated Plaintiff's address to 116 midland Street Lowell Ma 01851 as enclosed (exhibit 4) change of address indicate.

9. Based on these circumstances, this complaint seeks to reinstate/request re-issue of BIA 2013 decision thus tolling/or restoring this case to be within its original 90-day statutory time period for filing motions to reopen and circuit court petition review- curing BIA's March 2013 failure to notify Plaintiff.

10. Defendants are the following U.S. agencies and their agents who are responsible for the administration of laws and applicable regulations pertaining to the rights of the Plaintiff:

Donna Carr,
Chief Clerk, Board of Immigration Appeals (BIA),
Office of the Chief Clerk,
U.S. Department of Justice,
5107 Leesburg Pike, Suite 2000,
Falls Church, VA 22041


James McHenry, Director,
Executive Office for Immigration Review,

U.S. Department of Justice,
950 Pennsylvania Avenue, NW,
Washington, DC 20530-0001


Michael E. Horowitz
U.S. Department of Justice
Office of the Inspector General,
Civil Rights & Civil Liberties Complaints
1425 New York Avenue, NW
Suite 7100
Washington, DC 20530


**Jurisdiction, applicable laws and regulations**

11. Plaintiff/Plaintiff has exhausted any and all administrative remedies to the extent required by law.

12. This court has subject matter jurisdiction over the claims put forth in these Complaints pursuant to Federal question Jurisdiction:

13. 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties.

14. Singh v. Gonzales, 499 F.3d 969, 972 (9th Cir. 2007) (district court retains jurisdiction post-REAL ID Act to review claims of post-BIA IAC because not reviewing final order of removal);

15. The filing of a motion to reopen or reconsider does not toll the statutory time in which to appeal the underlying final order.  See Stone, 514 U.S. at 405-06; see also Martinez-Serrano, 94 F.3d at 1258.

16. The time limit does not begin to run until the BIA mails its decision to the correct address. See Martinez-Serrano, 94 F.3d at 1258-59; cf. Singh, 315 F.3d at 1188-90 (time limit began to run when BIA mailed decision to the applicant's last known address where attorney never filed a notice of appearance).

17. The time limit for filing a petition for review begins to run when the BIA mails its decision, which is presumed to be the date indicated on the cover letter to the decision.  See Yepremyan, 614 F.3d at 1043; Haroutunian v. INS, 87 F.3d 374, 375 (9th Cir. 1996).

18. Singh v. Gonzales, 494 F.3d 1170, 1172 (9th Cir. 2007) (Plaintiff "filed a motion to reopen with the BIA requesting that it reissue its decision so [he] could timely appeal to this court).

19. A petition for review "must be filed not later than thirty days after the date of the final order" of removal or the final order of exclusion or deportation. See INA §242(b)(1), 8 USC §1252(b)(1) (removal orders). The 30-day deadline for filing a petition for review of the underlying decision is not extended by the filing of a motion to reopen or reconsider, nor is it extended by the grant or extension of voluntary departure.

20. The deadline for filing a petition for review is "mandatory and jurisdictional" and is "not subject to equitable tolling." Stone v. INS, 514 U.S. 386, 405 (1995). Because the 30-day deadline is jurisdictional, circuit courts lack authority to consider late-filed petitions for review.

21. "[T]he Due Process Clause applies to all „persons‟ within the United States including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). To establish a due process violation, Abulashvili must show that he was denied "a full and fair hearing," which includes a "neutral and impartial arbiter of the merits of his claim and a reasonable opportunity to present evidence on [his] behalf."

22. Cham v. Att'y Gen., 445 F.3d 683, 691 (3d Cir. 2008). "„No person [may] be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him.‟"

23. Wang v. Att'y Gen., 423 F.3d 260, 269 (3d Cir. 2005) (quoting Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980)). We review alleged due process violations in deportation proceedings de novo. Abdulrahman v. Ashcroft, 330 F.3d 587, 595 (3d Cir. 2003).

24. All this is due process violation. Failure for BIA to notify  Plaintiff of its March 2013 decision violates Due process- a violation of Plaintiff's rights under the Fifth Amendment- basis of non delivery or improper delivery of the notice. "Prejudice is ordinarily presumed in immigration proceedings when counsel's error 'deprives the alien of the appellate proceeding entirely.' " Rojas-Garcia, 339 F.3d at 826 (quoting Dearinger ex rel. Volkova v. Reno, 232 F.3d 1042, 1045 (9th Cir.2000)).

25. OSC. Chaidez v. Gonzales, 486 F.3d 1079, 1087 (9th Cir. 2007) the government did not meet its burden of demonstrating signature on certified mail receipt.Al Mutarreb v. Holder, 561

F.3d 1023, 1028 n. 6 (9th Cir. 2009) Where the government fails to send notice to counsel of record, notice is insufficient.

26. "It would be a violation of their rights under the Fifth Amendment of the Constitution to deport them in absentia" Due process requires notice of an immigration hearing that is reasonably calculated to reach the interested parties. See Khan v. Ashcroft, 374 F.3d 825, 828 (9th Cir. 2004); Flores-Chavez v. Ashcroft, 362 F.3d 1150, 1155-56 (9th Cir. 2004);

27. Farhoud v. INS, 122 F.3d 794, 796 (9th Cir. 1997). If Plaintiffs do not receive actual or constructive notice of deportation proceedings, "it would be a violation of their rights under the Fifth Amendment of the Constitution to deport them in absentia." Andia, 359 F.3d at 1185Sembiring v. Gonzales, 499 F.3d 981, 988-89 (9th Cir. 2007) (alien demonstrated non receipt of hearing notice for purpose of rescinding in absentia order).

28. Velasquez-Escovar v. Holder, 768 F.3d 1000, 1005 (9th Cir. 2014) (holding that alien was entitled to notice where government sent notice to an outdated address and alien made plausible declaration that she had given immigration officials her current address).

29. Where an applicant seeks to reopen proceedings on the basis of non delivery or improper delivery of the notice, the IJ and BIA must consider the evidence submitted by the applicant. See Arrieta v. INS, 117 F.3d 429, 432 (9th Cir. 1997) (per curiam).

30. OSC. Chaidez v. Gonzales, 486 F.3d 1079, 1087 (9th Cir. 2007) (concluding that the government did not meet its burden of demonstrating signature on certified mail receipt was that of a "responsible person" where signer signed for both OSC and hearing notice, but Plaintiff submitted affidavit stating he did not know signer, that he did not believe she lived at his address at the relevant time and that she did not have authorization to receive service for him). The administration record (copy enclosed) affirms that BIA failed to properly notify.

31. Notice to counsel is sufficient to establish notice to the applicant. See Garcia v. INS, 222 F.3d 1208, 1209 (9th Cir. 2000) (per curiam) (rejecting claim of inadequate notice where the government personally served written notice of the hearing on Plaintiff's counsel; noting that Plaintiff did not raise an ineffective assistance of counsel claim);

32. See also Al Mutarreb v. Holder, 561 F.3d 1023, 1028 n. 6 (9th Cir. 2009) ("[S]ervice of a hearing notice on an alien's counsel, and not on the alien himself, may be a sufficient means

of providing notice of the time and location of removal proceedings.") Where the government fails to send notice to counsel of record, notice is insufficient.

33. A petition for review "must be filed not later than thirty days after the date of the final order" of removal or the final order of exclusion or deportation. See INA §242(b)(1), 8 USC §1252(b)(1) (removal orders).

34. The 30-day deadline for filing a petition for review of the underlying decision is not extended by the filing of a motion to reopen or reconsider, nor is it extended by the grant or extension of voluntary departure.

35. The deadline for filing a petition for review is "mandatory and jurisdictional" and is "not subject to equitable tolling." Stone v. INS, 514 U.S. 386, 405 (1995). Because the 30-day deadline is jurisdictional, circuit courts lack authority to consider late-filed petitions for review.

36. The 30-day time period begins running from the date of the BIA's decision affirming the immigration judge's ruling. If the BIA denied a motion to reopen or reconsider, the 30-day time period begins running from the date of the BIA decision denying the motion.

37. The filing of a motion to reopen or reconsider does not toll the statutory time in which to appeal the underlying final order.  See Stone, 514 U.S. at 405-06; see also Martinez-Serrano, 94 F.3d at 1258.

38. The time limit does not begin to run until the BIA mails its decision to the correct address. See Martinez-Serrano, 94 F.3d at 1258-59; cf. Singh, 315 F.3d at 1188-90 (time limit began to run when BIA mailed decision to the applicant's last known address where attorney never filed a notice of appearance).

39.  The time limit for filing a petition for review begins to run when the BIA mails its decision, which is presumed to be the date indicated on the cover letter to the decision.  See Yepremyan, 614 F.3d at 1043; Haroutunian v. INS, 87 F.3d 374, 375 (9th Cir. 1996).

40. Hamoui v. Ashcroft, 389 F.3d 821, 826 (9th Cir. 2004) (stating that "[i]neffective assistance of counsel amounting to a due process violation permits untimely reopening").

41. Where the ineffective assistant of counsel IAC claim arises out of attorney misconduct after the BIA decision on appeal (e.g. attorney failed to file petition for review), Plaintiff can bring the IAC claim in district court habeas proceedings without filing a motion to reopen. See Singh v. Gonzales, 499 F.3d 969, 972 (9th Cir. 2007) (district court retains jurisdiction post-

REAL ID Act to review claims of post-BIA IAC because not reviewing final order of removal);

42. Dearinger ex rel. Volkova v. Reno, 232 F.3d 1042, 1046 (9th Cir. 2000) (affirming the district court's grant of writ of habeas corpus based on IAC where counsel filed an untimely petition for review with this court). Plaintiff may also bring these claims in a motion to reopen before the BIA. See Singh, 499 F.3d at 979 ("That Singh may have an alternative avenue for relief does not change our statutory analysis.").

43. 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act, INA)

44. 5 U.S.C. §§ 701 et seq. (Administration Procedure Act, APA) and §706(2)

45. § 203(b) (1) (A) of the Immigration and Naturalization Act, 8 U.S.C. § 1153(b) (1) (A).

46. The matter falls under a six year statute of limitations  based on the Administrative Procedures Act ("APA").   28 U.S.C. § 2401(a).   This case is brought under under the APA in that the parties have violated their duties and obligations to the petitioner in failing to properly notify the petitioner directly or through counsel of their March 8, 2013 decision. The petitioner seeks redress and legal remedy here in the form of injunctive relief whereby the Board of Immigration Appeals ("BIA" or "Board") should be ordered to reissue its prior order so that petitioners may then have their opportunity to seek timely judicial review on the merits of the Board's denial decision.

47. In the recent case decided by the U.S. Supreme Court, the Court has specifically discussed the failure of the government to provide proper notice to Respondents in proceedings, finding that "failing to specify integral information like the time and place of removal proceedings would unquestionably 'deprive [the notice to appear] of its essential character.'" Pereira v. Sessions, 585 U.S. ____, No. 17-459 slip op. at 14 (June 21, 2018).   In this matter, like Pereira, the petitioner did not receive the denial as it was undeliverable mail. Id. at 6.  Like Pereira, the Plaintiff in this case was unable to pursue an essential legal right, appellate review of their denial as they were deprived of essential information, the details of the decision, in order to make a timely petition for review.

48. A late text by prior counsel informing Plaintiff of the BIA March 2013 decision is insufficient to satisfy Pereira v. Sessions and is not a substitute of the actual BIA decision as that text even lacked the basic official key immigration denial decision reasons or content details, thereby prejudicing petitioners in their right to seek review.   Id

**Conclusion and Prayer for Relief**

49. WHEREFORE, Plaintiff prays that this Court grant the following relief:

a) Assume jurisdiction over this matter;

b) Plaintiff herein seeks injunctive relief from this Court in order to protect their procedural due process rights to timely receive notice of the Board's decision in order to seek review of that decision.

c) Request this court to order BIA rescind and re-issue its absentia March 2013 decision to allow Plaintiff to seek circuit court judicial review of this March 2013 decision or Order BIA to notify Plaintiff for purpose of rescinding this March 2013 decision in absentia order.

d) To order BIA to properly notify its March 2013 decision as BIA failed to send notice to counsel of record or to Plaintiff; thus BIA March 8th 2013 decision notice is insufficient-non delivery or improper delivery of the notice -non receipt of hearing notice.

e) Grant any other and further relief that this Court deems just and proper. Including ordering this immigration case to be re-opened for purpose of decision notification.

f) Grant attorney's fees under the Equal Access to Justice Act.


Respectfully filed
For the Plaintiff,

_/s/_ Joanna Golding_____
Joanna M. Golding, Esq.
Joanna@tnpassociates.com
Trupti N. Patel & Associates
155 Middlesex Turnpike
Burlington, Massachusetts 01803
Phone: (617) 367-6750
Facsimile: (617) 367-0285
Dated:___8/3/2018_____

**Certificate of Service**

I, Joanna M. Golding, hereby affirm that I electronically filed the foregoing Motion with
the UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS by using the
CM/ECF system. I certify that the following parties or their counsel of record are registered as
ECF Filers and that they will be served by the CM/ECF system:

     Attorney Michael Sady
     Assistant U.S. Attorney

     Respectfully filed
     For the Plaintiff,

     _/s/_ Joanna Golding_____
     Joanna M. Golding, Esq.
     Dated:__8/3/2018_____