UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KINUTHIA GICHARU,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DONNA CARR, Chief Clerk, Board of<br>Immigration Appeals; JAMES MCHENRY,<br>Directors, Executive Office for Review; and<br>MICHAEL E. HOROWITZ, Civil Rights &<br>Civil Liberties Complaints, U.S. Department<br>of Justice,<br><br>　　Defendants. | *<br>*<br>*<br>*<br>*<br>*　Civil Action No. 18-cv-10927-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM AND ORDER

July 29, 2019

TALWANI, D.J.

　　Plaintiff Samuel Kinuthia Gicharu filed this Amended Complaint requesting that the court order the Board of Immigration of Appeals ("BIA") to rescind and reissue its March 2013 final removal order. Am. Compl. ¶ 49(c) [#20]. For the reasons set forth below, Defendants' Motion to Dismiss for Failure to State a Claim [#31] is ALLOWED, and all other pending motions are DENIED.

I.　Background and Procedural History

　　Gicharu arrived in the United States on a visitor's visa in May 2003. Am. Compl. ¶ 1 [#20]. Shortly thereafter, he and his wife, Naomi Wahu Kinuthia ("Kinuthia"), filed applications for asylum and withholding of removal, and relief under the Convention Against Torture. Id. In 2011, an Immigration Judge denied their applications and ordered them removed. Id.; Defs.' Statement of Fact ("Def.'s SOF") Ex. 1 (Crosby Dec.) ¶ 5 [#32-1]. Gicharu and Kinuthia,

through counsel, filed a motion to re-open proceedings in May 2011 and an appeal to the BIA in June 2011. Am. Comp. ¶ 2 [#20]; Crosby Decl. ¶¶ 6 [#32-1].

While Gicharu and Kinuthia's appeal to the BIA was pending, their counsel submitted a handwritten note requesting additional time to file a brief and informing the BIA of counsel's new mailing address. Compl. Ex. 2 at 11 (Change of Address notification) [#1-1]; Am. Compl. ¶ 5 [#20]; Crosby Decl. ¶ 8 [#32-1]. The BIA granted the briefing extension and asked counsel to file an updated Notice of Appearance with the correct address. Crosby Decl. ¶ 9 [#32-1]. Counsel subsequently submitted a Notice of Appearance listing his former office address, not the address on the handwritten note. Id. ¶ 10.

On March 8, 2013, the BIA issued an order (the "March 2013 Order") upholding the Immigration Judge's ruling, dismissing Gicharu and Kinuthia's appeals, and denying their motion to reopen, which it treated as a motion to remand. Compl. Ex. 1 at 8-10 (March 2013 Order) [#1-1]; Am. Comp. ¶ 2 [#20]; Crosby Decl. ¶ 11 [#32-1]. The BIA mailed copies of the March 2013 Order to the petitioners and their counsel at the addresses on file with the BIA. Crosby Decl. ¶ 11 [#31-1]. Both mailings were returned as undeliverable. Id. Gicharu and Kinuthia learned of the March 2013 Order in late April 2013, when Kinuthia's application for work authorization was denied as a result of the final removal order. Pl.'s Proposed Second Am. Compl. Ex. 5 (Gicharu Aff.) ¶ 9 [#24-1]. Gicharu then contacted his attorney, who confirmed on May 2, 2013, that Gicharu and Kinuthia's appeal had been denied. Compl. Ex. 3 (Screenshots of Text Messages) [#1-1]; Am. Compl. ¶ 7 [#20].

In August 2015, Gicharu and Kinuthia petitioned the BIA, through new counsel, to reopen asylum proceedings and stay their removal, claiming changed conditions in their home country of Kenya and ineffective assistance of counsel in the proceedings before the Immigration

Judge. See In re Gicharu, A097 849 018 (B.I.A. Dec. 9, 2015). The BIA denied the motion for stay of removal and a subsequently filed motion for reconsideration in September 2015. Crosby Decl. ¶ 14 [#32-1]. In December 2015, the BIA denied as untimely the motion to reopen, reasoning that the petitioners had not established that the changed country conditions were material to their eligibility for asylum, had failed to show prejudice from counsel's ineffective assistance, and had not shown that they exercised due diligence in pursuing their rights. In re Gicharu, A097 849 018 (B.I.A. Dec. 9, 2015).

Gicharu and Kinuthia filed in the First Circuit a Petition for Review of the BIA's denial of their motion to reopen. Petition, Gicharu v. Lynch, No. 15-2528 (1st Cir. filed Dec. 14, 2015). In April 2016, the Department of Justice moved to remand the motion to the BIA to determine the impact of additional evidence provided by Gicharu's son, who was granted withholding of removal on May 17, 2016. The First Circuit granted the government's motion. Judgment, id. (filed May 17, 2016).

On remand, Gicharu and Kinuthia submitted additional briefing to the BIA about the impact of the evidence from their son's hearing, changed country conditions, and their counsel's ineffective assistance of counsel before the immigration judge and in failing to provide them notice of the March 2013 Order. See Pl.'s Opp'n to Def.'s Mot. to Dismiss (Pl.'s Opp'n 1) Ex. 1 (August 8, 2016, Brief in Support of Respondents' Mot. to Reopen) [#33-1]. The BIA found the additional evidence and claims of changed country conditions not to be material to Gicharu and Kinuthia's eligibility for asylum and did not warrant the changed-country-conditions exception to the statutory and regulatory time limit for bringing a motion to reopen. See In re Gicharu, A097 849 018 (B.I.A. Dec. 15, 2016). The BIA further found that Gicharu and Kinuthia were not entitled to equitable tolling of their time to file a motion to reopen because they failed to show

prejudice from counsel's failures and had not diligently pursued their rights for the 26 months following the March 2013 Order. Id. In December 2016, the BIA again denied Gicharu and Kinuthia's motion to reopen. Id.

Gicharu and Kinuthia appealed the 2016 denial of their motion to reopen to the First Circuit. Gicharu v. Sessions, Nos. 16-2520 (1st Cir. filed Dec. 23, 2016). In January 2017, while that appeal was pending before the First Circuit, Plaintiff filed with the BIA a motion to reconsider and reopen proceedings, which the BIA denied as untimely in April 2017. Crosby Decl. ¶ 23 [#32-1]; see also 8 C.F.R. § 1003.2(c)(2). Gicharu and Kinuthia appealed this denial of their motion to reconsider to the First Circuit. Gicharu v. Sessions, Nos. 17-1455 (1st Cir. filed May 3, 2017). The First Circuit consolidated the two appeals and denied both petitions for review, finding that the BIA did not abuse its discretion. Judgment, Gicharu v. Sessions, Nos. 16-2520, 17-1455, at 2 (1st Cir. Feb. 23, 2018), *cert. denied*, Gicharu v. Sessions, No. 18-242, 139 S. Ct. 423 (Mem.) (Oct. 29, 2018).

Gicharu filed his Complaint [#1] in this matter in May 2018, and on August 3, 2018, filed the operative First Amended Complaint [#20]. The pending motions followed.

II.     Motion to Dismiss for Lack of Subject Matter Jurisdiction [#29]

To survive a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of establishing that the court has subject matter jurisdiction. See Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 17 (1st Cir. 2013). "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).

The government is correct that this court is without subject matter jurisdiction to review the validity of the March 2013 Order. See Ishak v. Gonzales, 422 F.3d 22, 27-28 (1st Cir. 2005)

("[T]he Real ID Act . . . in the plainest of language, deprives the district courts of jurisdiction in removal cases."). The Real ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005), "amended section 242 of the [Immigration and Nationality Act ("INA")], 8 U.SC. § 1252, to place review of all final removal orders, for both criminal and non-criminal aliens, in the court of appeals." Ishak, 422 F.3d at 28 (citing 8 U.S.C. § 1252(a)(5), *amended by* Real ID Act § 106, 109 Pub. L. No. 13, 119 Stat. at 310-11).[1] When interpreting these jurisdiction-stripping provisions of the INA, the First Circuit has advised that "restrictions on jurisdiction should conform tightly to the precise language chosen by Congress." Prado v. Reno, 198 F.3d 286, 290 (1st Cir. 1999).

In the Amended Complaint, Gicharu does not ask this court to review the merits of his final removal order, but instead asks this court to order the BIA to reissue the March 2013 Order to allow him to timely file a Petition for Review. Am. Compl. ¶¶ 8, 9, 49 [#20]. He asserts that the BIA failed to give him or his counsel actual or constructive notice of the March 2013 Order

---

[1] Section 1252(a)(5) of Title 8 provides in relevant part that:

> (a)(5) Exclusive Means of Review: Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.
>    . . .
> (g) Exclusive Jurisdiction: Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Subsection (e) refers to judicial review of orders under 8 U.S.C. § 1251(b)(1), which applies to inspection of aliens arriving in the United States who have not been admitted or paroled, and subject to expedited removal. Neither party claims subsection (e) is applicable in this case.

within 30 days of its issuance, and therefore deprived him of his procedural due process rights under the Fifth Amendment to the United States Constitution. See id. ¶¶ 3, 4, 6, 9, 24, 49(b); see also 8 U.S.C. § 1252(b)(1) (Petition for Review must be filed not later than 30 days after date of final removal order).

As Gicharu is not challenging the validity of his removal order, the REAL ID Act does not strip the court of jurisdiction. See Hernandez v. Gonzalez, 424 F.3d 42, 42-43 (1st Cir. 2005) (remanding case back to the district court and finding that jurisdiction-stripping provisions of REAL ID Act did not apply where petitioner challenged his detention and not his removal itself); see, e.g., Singh v. Gonzales, 499 F.3d 969, 978 (9th Cir. 2007) (citing post-REAL ID Act cases from numerous circuits that have distinguished challenges to orders of removal and claims independent of the merits of those removal orders); Kellici v. Gonzales, 472 F.3d 416, 419-20 (6th Cir. 2006) (remanding habeas petition to the district court where petition challenged petitioner's detention independent of a challenge to the underlying administrative order of removal).

Gicharu seeks review of the BIA's purported failure under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, and contends that this court has subject matter jurisdiction over this claim pursuant to federal question jurisdiction, 28 U.S.C. § 1331. Am. Compl. ¶¶ 12-13; 44, 49 [#20]. The Administrative Procedures Act allows the district court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706. It does not itself "afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action [or inaction]," Califano v. Sanders, 430 U.S. 99, 107 (1977), but "does provides a federal right of action where subject matter jurisdiction exists under 28 U.S.C. § 1331," see Conservation Law Found. v. Busey, 79 F.3d 1250, 1261 (1st Cir. 1996). "[W]here a plaintiff asserts that an agency

6

failed to take a *discrete agency* action that it is *required to take*," Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) (emphasis in original), a claim under § 706 may proceed "only to compel an agency to perform a ministerial or non-discretionary act." Id. (internal quotation marks and citation omitted); see also Andrus v. Charlestone Stone Products Co., Inc., 436 U.S. 604, 607 n.6 (1978); Atieh v. Riordan ("Atieh 1"), 727 F.3d 73, 75-76 (1st Cir. 2013); cf. Perry v. Merit Sys. Prot. Bd., 137 S. Ct. 1975, 1988 (where employee complains of employing agency's violation of federal antidiscrimination laws, district court is proper forum for judicial review).

The BIA had the affirmative obligation to notify Gicharu or his counsel of the issuance of the March 2013 Order. See 8 C.F.R. § 1003.1(f); 8 C.F.R. § 292.5; see also Tobeth-Tangang v. Gonzales, 440 F.3d 537, 539 (1st Cir. 2006). Accordingly, Gicharu's claim that the BIA's failure to comply with its regulatory obligation to provide him adequate notice of the March 2013 Order, thereby depriving him of his due process rights, falls within the purview of the judicial review provisions of the APA, 5 U.S.C. § 706. See Atieh v. Riordan, 797 F.3d 135, 137 n.1, 138 (1st Cir. 2015) (district court had jurisdiction under the APA to review procedural irregularities by the BIA).

Defendants argue that "Congress intended the provisions of the Immigration and Nationality Act . . . to supplant the APA in immigration proceedings." Defs.' Mem. at 8 [#28] (quoting Ardestani v. INS, 502 U.S. 129, 133 (1991)). However, Ardestani does not stand for the proposition that all actions (or inactions) by an immigration court unrelated to the merits of the underlying immigration dispute are immune from APA review, but rather that the INA supplants the APA as the exclusive procedure for determining the *deportability* of an immigrant. See 502 U.S. at 133-35; see also Candra v. Cronen, 361 F. Supp. 3d 148, 158 (D. Mass. 2019) (collecting

cases where circuit courts have interpreted Ardestani "to foreclose only application of the adjudicatory provisions of the APA to removal proceedings."). Nothing in INA § 242 bars review of whether the notice that the BIA provided to Gicharu or his counsel complied with its regulatory requirements. Cf. Tang v. Chertoff, 493 F. Supp. 2d 148, 156 (D. Mass. 2007) (finding that the court had subject matter jurisdiction to review whether delay in adjudicating application for adjustment of status was reasonable).

Defendants next assert that Gicharu failed to exhaust his administrative remedies as he did not request that the BIA reissue its March 2013 Order. Defs.' Mem. 5-6, 9 [#28]. According to Defendants, had Gicharu made such a request, the BIA could have addressed Gicharu's lack of notice concern and reissued the March 2013 Order. Id. at 6-7. Therefore, say Defendants, this court is stripped of subject matter jurisdiction.

Defendants have failed to show that Gicharu was required to seek reissuance of the March 2013 order from the BIA prior to bringing his APA claim. For a failure to exhaust administrative remedies to bar jurisdiction, the statute in question must require that exhaustion. Bangura v. Hansen, 434 F.3d 487, 493-94 (1st Cir. 2006). Under the APA, an administrative appeal is a prerequisite to judicial review only when that administrative appeal is expressly required by statute or agency rule. Darby v. Cisneros, 509 U.S. 137, 154 (1993). Here, Defendants argue that Gicharu should have sought reissuance of the March 2013 Order, but "that relief is not mentioned in the [BIA] regulations." Tobeth-Tangang, 440 F.3d at 539 n.2; cf. Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003) ("[M]otions to reconsider, like motions to reopen, are not remedies available . . . as of right.") (internal quotation marks and citation omitted). "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." Bangura, 434 F.3d at 494 (internal quotation marks omitted). In the absence

of any authority requiring Gicharu to first request that the BIA reissue its order, the court declines to read in such an administrative requirement prior to bringing this APA challenge. See Singh, 499 F.3d at 979 (finding that district court had jurisdiction to address ineffective assistance of counsel claim despite the fact that the BIA had the authority to remedy the claim through reissuance of its original decision); see, e.g., Valdivia-Tostado v. Chertoff, No. 08-cv-00305, 2008 WL 2414035, at *3 (D. Nev. June 11, 2008) ("[I]t is not necessary that such a petitioner seek relief through discretionary avenues, such as [a] motion to re-open and re-issue.") (citing Castillo-Villagra v. INS, 972 F.2d 1017, 1023-24 (9th Cir. 1992)); Lara Estrada v. Chertoff, No. 06-cv-0694, 2008 WL 824270, at *2 (D. Nev. Mar. 21, 2008) (stating that it is not necessary for habeas petitioner to first seek relief through discretionary motion to reopen). "That [petitioner] may have an alternative avenue for relief does not change our statutory analysis." Singh, 499 F.3d at 979.

Finally, Defendants contend the APA provides Gicharu no recourse because the BIA has not delayed any action concerning the reissuance of the March 2013 BIA Order, as Gicharu never made such a request. Id. at 9 [#28]. But Gicharu's claim is not that the BIA "delayed any action concerning *reissuance* of the 2013 BIA Order," id. (emphasis added), but that the BIA failed to provide him notice of its order *upon its original issuance*. Am. Compl. ¶ 24 [#20].  Such a claim falls within this court's subject matter jurisdiction. But see Kinuthia v. Carr, No. 18-cv-12325-DJC, Docket No. 18 (D. Mass. Feb. 8, 2019) (finding no subject matter jurisdiction for similar APA claim).

Accordingly, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [#29] is DENIED.

III.     Motion to Dismiss for Failure to State a Claim

Plaintiff's Amended Complaint alleges that the BIA did not fulfill its statutory obligation because it failed to provide him timely notice of the March 2013 Order. Am. Compl. ¶ 4 [#20]. Defendants argue that Plaintiff fails to state a claim because the BIA fulfilled its requirements by mailing their decision to the address on record for Gicharu's counsel. Defs.' Second Mem. at 7-10 [#32] (citing Tobeth-Tangang, 440 F.3d at 539-40 (holding that BIA discharged its duty by mailing a letter to counsel within the prescribed time frame and at the address he had specified)).

To survive this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff must allege facts showing that the BIA "failed to take a discrete agency action that it is required to take." Norton, 542 U.S. at 64. The BIA discharges its duty by properly mailing a copy of its order to the petitioner or his or her counsel. 8 C.F.R. § 1003.13 ("Service means physically presenting or mailing a document to the appropriate party or parties."); 8 C.F.R. § 292.5 (establishing proper notice when notice served upon counsel, or petitioner if unrepresented); see also Tobeth-Tangang, 440 F.3d at 539; see, e.g., Chen v. U.S. Atty. Gen., 502 F.3d 73, 77 (2nd Cir. 2007) (according greater weight to BIA's records that its order was in fact mailed than affidavit of non-receipt).

Gicharu does not allege that the BIA did not mail his attorney the March 2013 Order to counsel's address on file, but rather acknowledges that "[p]rior counsel failed to properly update their address with the BIA." Pl.'s Second Mem. in Opp'n. ("Second Opp'n.") at 2 ¶ 5 [#36]. Although his counsel provided the BIA a hand-written note stating that he had a new address, Gicharu does not state that his counsel filed a Notice of Appearance with the correct address. See Am. Compl. ¶ 5, Compl. Ex. 2 (counsel's handwritten note) at 11 [#1-1]. Nor does Gicharu allege that the BIA failed to send him a copy of the March 2013 Order at his address in the BIA's

file.[2] His APA claim rests entirely on his failure to receive the March 2013 order, but he does not assert anywhere that the BIA did not mail the March 2013 Order to the addresses that counsel provided. Am. Compl. ¶¶ 4-7 [#20].

Plaintiff's Amended Complaint [#20] fails to state a claim from which relief can be granted and is therefore DISMISSED.

IV. Motion for Leave to File an Amended Complaint [#24]

Plaintiff seeks leave to file an amended complaint to assert an ineffective assistance of counsel habeas claim based on prior counsel's failure to timely notify the BIA of his address change, and Gicharu's resultant delayed receipt of the March 2013 Order. Proposed Sec. Am. Compl. ¶¶ 10, 17 [#24-1]. Defendants argue that amendment would be futile because this court cannot exercise subject matter jurisdiction over any of Plaintiff's claims in the proposed Second Amended Complaint [#24-1], and because that Second Amended Complaint fails to state a claim on which relief can be granted. Defs.' Mem. at 16 [#28].

a. Futility

The standard for determining the futility of an amendment is the same as the standard for granting a motion to dismiss for failure to state a claim. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (holding that the standard for determining futility of an amendment is the same as that applied to a motion to dismiss pursuant to Rule 12(b)(6)). If the claim as amended would not survive such a motion to dismiss, the amendment should be denied. Cf. Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001)

---

[2] In 2012, while his appeal was pending before the BIA, Gicharu submitted a Form AR-11, Alien's Change of Address Card, to the Department of Homeland Security. Compl. Ex. 4 at 20 (Unsigned AR-11) [#1-1]. He does not assert that he submitted an updated address with the BIA either before or after the March 2013 Order was issued. Compare id. with Crosby Decl. ¶ 11 [#32-1]. Instead he asserts that he "was never made aware that [he] would need to file a separate change of address with the Court or the Board." Proposed Sec. Am. Compl. 10.8 [#24-1].

11

(amendment is not futile if the proposed amended complaint sets out a claim which, if proven, would entitle the party to relief).

1. Subject Matter Jurisdiction

The Sixth Amendment does not guarantee petitioners in deportation proceedings a right to effective assistance of counsel. Bernal-Vallejo v. I.N.S., 195 F.3d 56, 63 (1st Cir. 1999); see also INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984) ("A deportation proceeding is a purely civil action to determine eligibility to remain in this country. . . . [V]arious protections that apply in the context of a criminal trial do not apply in a deportation hearing."). However, the First Circuit has recognized that immigration proceedings that are "fundamentally unfair" may violate that immigrant's due process rights by preventing him from "reasonably presenting his case." Bernal-Vallejo, 195 F.3d at 63. Federal district courts may exercise jurisdiction over habeas petitions brought to address these due process claims. See Diabate v. I.N.S., 42 F. App'x. 472, 473 (1st Cir. 2002) (finding that claim for violations occurring during BIA appeal process was within the scope of habeas review under 28 U.S.C. § 2241); see, e.g., Bernal-Vallejo, 195 F.3d at 64 (holding that federal courts retain jurisdiction to address a due process claim arising from ineffective assistance of counsel in an immigration proceeding); Chmakov v. Blackman, 266 F.3d 210, 216 (3d Cir. 2001) (holding that a district court had habeas jurisdiction over claim that petitioner was denied due process when his lawyer failed to file brief before the BIA).

Defendants argue that the REAL ID Act vests subject matter jurisdiction respecting "all questions of law and fact… arising from any action taken or proceeding brought to remove an alien from the United States" exclusively in the court of appeals, and therefore this court lacks subject matter jurisdiction to hear Plaintiff's ineffective assistance of counsel claim. Defs. Mem. at 13 [#28] (citing 8 U.S.C. §§ 1252(b)(9), 1252(g)). But Gicharu's due process claim does not

itself challenge his removal order, and therefore "the jurisdiction stripping and transfer provisions of the REAL ID Act do not apply." Hernandez, 424 F.3d at 42; see also Singh, 499 F.3d at 972 (reversing district court's dismissal for lack of subject matter jurisdiction, and holding that "a narrow claim of ineffective assistance of counsel in connection with a post-administrative filing of an appeal . . . falls outside the jurisdiction-stripping provisions of the REAL ID Act.").

Defendants next argue that jurisdiction is lacking because Gicharu failed to exhaust his administrative remedies. Defs. Mem. at 5 [#28]. Indeed, when petitioners attempt to raise right-to-counsel due process claims before the district court through a habeas petition, they must exhaust their available administrative remedies. See Avelar Gonzalez v. Whitaker, 908 F.3d 820, 828-29 (1st Cir. 2018) (holding that exhaustion requirement barred ineffective assistance of counsel claim because "[t]he BIA has procedures to hear ineffective assistance of counsel claims through a motion to reopen"); Aguilar v. U.S. Immigration and Customs Enforcement Div. of the Dept. of Homeland Sec., 510 F.3d 1, 11-13 (1st Cir. 2007) (requiring petitioners to exhaust administrative remedies before bringing right-to-counsel claims in habeas petition). Generally, this exhaustion requirement will apply to any matter which the BIA has the power to address, including claims of ineffective assistance of counsel. See Bernal-Vallejo, 195 F.3d at 64.

Despite his failure to explicitly ask for reissuance of the March 2013 Order, the court finds that Gicharu has adequately exhausted his administrative remedies and habeas jurisdiction is appropriate. After their motion to reopen was remanded by the First Circuit, Gicharu and Kinuthia submitted additional briefing to the BIA in which they raised prior counsel's ineffective assistance with regards to his failure to update his address, and their consequent failure to receive notice of the March 2013 Order. See In re Gicharu, A097 849 018 (B.I.A. Dec. 15, 2016); Pl.'s

Opp'n Ex. 1 (August 8, 2016, Brief in Support of Respondents' Mot. to Reopen) at 6 [#33-1]. After the BIA again denied their motion to reopen, In re Gicharu, A097 849 018 (B.I.A. Dec. 15, 2016), they appealed that denial and the BIA's denial of their motion to reconsider to the First Circuit, who affirmed the BIA. See Judgment, Gicharu v. Sessions, Nos. 16-2520, 17-1455, at 2 (1st Cir. Feb. 23, 2018).

Gicharu has filed every motion to which he is legally entitled, see 8 C.F.R. §1003.2, and any further attempts would be ineffectual. He has raised the issue of ineffective assistance counsel in the context of a motion to reopen before the BIA prior to filing this action, and challenged that denial on further appellate review. Thus, he has administratively exhausted his claim. See Bernal-Vallejo, 195 F.3d at 64 (finding plaintiff did not exhaust administrative remedies where he did not raise the ineffective assistance claim before the BIA).

Moreover, "[f]or a statutory motion to reopen to be a constitutionally adequate substitute for habeas . . . an alien who was prevented by ineffective assistance of counsel . . . from filing a timely petition for review cannot also be prevented by the same circumstances from filing a statutory motion to reopen." Luna v. Holder, 637 F.3d 85, 99 (2d Cir. 2011). Gicharu asserts in his proposed Second Amended Complaint that his motion to reopen was untimely filed because his prior counsel not only failed to file a Petition for Review with the First Circuit, but also never informed him of the statutory deadline to appeal or file a timely motion to reopen his case. Proposed Sec. Am. Compl. ¶ 10.10, 10.12 [#24-1]. Gicharu and Kinuthia's untimely motion to reopen was then denied as a result of his late filing. See In re Gicharu, A097 849 018 (B.I.A. Dec. 15, 2016); Judgment, Gicharu v. Sessions, Nos. 16-2520, 17-1455, at 2 (1st Cir. Feb. 23, 2018). Taking these allegations as true, as the court must, the statutory motion to reopen process was not an adequate substitute for the ability to petition for habeas relief in this specific case, and

this court's exercise of habeas jurisdiction is appropriate. See Luna, 637 F.3d at 99-102; Devitri v. Cronen, 290 F. Supp. 3d 86, 93 (D. Mass. 2017) (Prior to suspending a petitioner's privilege to seek a writ of habeas corpus, the court must determine if the administrative procedure provided an adequate and effective alternative to habeas course relief without offending the Suspension Clause.); see also U.S. Const. art. 1, § 9, cl. 2.

Defendants further contend that since Gicharu is not detained, habeas corpus is not the correct vehicle for his claims. Defs.' Mem. at 9-10 [#28]. "In order to bring a habeas petition, an individual must be in custody." Devitri, 290 F. Supp. 3d at 90. However, courts in this Circuit have held that an immigrant subject to a final order of removal and/or an order of supervision satisfies the "in custody" requirement and may file a habeas petition. Id.

Accordingly, this court finds that it has subject matter jurisdiction over Plaintiff's habeas claim that counsel's ineffective assistance of counsel rendered his proceedings so fundamentally unfair so as to violate his due process rights.[3]

### 2. Failure to State a Claim

To state a cognizable due process claim due to ineffective assistance of counsel, Plaintiff must sufficiently allege that his previous attorney's neglect caused the immigration proceedings to be "so fundamentally unfair that [he] was prevented from reasonably presenting his case," Lozada v. INS, 857 F.2d 10, 13 (1st Cir. 1988), and must demonstrate that his counsel's failure prejudiced the outcome of the proceedings, Orehhova v. Gonzales, 417 F.3d 48, 52 (1st Cir. 2005); see also Pulisir v. Mukasey, 524 F.3d 302, 311 (1st Cir. 2008). Plaintiff argues that his

---

[3] Another court in this district reviewing an action brought by Gicharu's wife found it lacked subject matter jurisdiction. See Kinuthia v. Carr, No. 1:18-cv-12325-DJC, Docket No. 18 (D. Mass. Feb. 8, 2019). However, that court interpreted Kinuthia's claims as a direct challenge to the BIA's order denying her motion to reopen, and not a distinct habeas petition claiming ineffective assistance of counsel separate and apart from the removal order itself.

inability to appeal due to counsel's error was presumptively prejudicial, Second Opp'n at 5 [#36], but the First Circuit has expressly declined to extend *per se* presumption in immigration proceedings. See Franco-Arden v. Barr, 922 F.3d 23, 25 (1st Cir. 2019); see also O'Riordan v. Barr, 925 F.3d 6, 13-14 (1st Cir. 2019) (declining to extend presumption of prejudice to claim of denial of appellate review in immigration proceeding). Accordingly, Gicharu must show that had he been able to file a Petition for Review, it would have been likely to succeed. See Franco-Arden, 922 F.3d at 25.

In the present case, Plaintiff has had his asylum claim reviewed by the Immigration Judge, the BIA, and the First Circuit. Crosby Decl. ¶¶ 5-23 [#32-1]. When evaluating the impact of Plaintiff's claims of changed country conditions and the evidence presented from his son's immigration proceedings, the BIA reviewed Plaintiff's asylum claim to determine the materiality of the newly presented evidence. Judgment, Gicharu v. Sessions, Nos. 16-2520, 17-1455, at 2 (1st Cir. Feb. 23, 2018). The First Circuit further reviewed Gicharu's asylum claims and found that the BIA did not abuse its discretion by denying Plaintiff's motion to reopen. Id. Plaintiff has not demonstrated that his appeal of the March 2013 Order would likely succeed on the merits.

As Gicharu has failed to show prejudice from counsel's allegedly ineffective assistance of counsel, he cannot establish that his proceedings were so fundamentally unfair that it deprived him of due process. He has therefore failed to state a habeas claim for which relief can be granted. Accordingly, Plaintiff's Motion for Leave to File Amended Pleadings [#24] is DENIED as futile.[4]

---

[4] As the court has DISMISSED Plaintiff's Amended Complaint [#20] and DENIED Plaintiff's Motion for Leave to Amend [#24], Defendants' Motion for Leave to File a Reply to Plaintiff's Opposition [#39] is DENIED as moot.

b. Joinder

Plaintiff seeks to add his wife, Kinuthia, as a co-plaintiff as she was a derivative petitioner in the underlying immigration case, was briefly detained by ICE, and faces removal. Mot. for Joinder of Parties ¶¶ 3-5 [#34]. Plaintiff also seeks to add Todd M. Lyons, Field Office Director of the Boston Field Office of ICE, as a co-defendant, arguing that he is Plaintiff's "immediate custodian" for the purposes of his habeas claim, id. ¶ 6. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (holding that a section 2241 habeas petition must be brought against petitioner's immediate custodian).

As the court has dismissed Plaintiff's Amended Complaint, and has denied Plaintiff leave to amend, Plaintiff's Motion for Joinder is moot. See Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001) ("[W]hen the issues presented are no longer live . . . a case or controversy ceases to exist."). Plaintiff's Motion for Joinder of Parties [#34] is DENIED.[5]

V. Emergency Motion to Stay Removal [#30]

Plaintiff has filed an Emergency Motion to Stay Removal [#30], seeking to stay his order of removal while his claims are pending before this court. As all his claims have been dismissed, his Emergency Motion to Stay Removal is DENIED as moot.

VI. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for Failure to State a Claim [#31] is ALLOWED. Gicharu's Second Motion For Leave to File Amended Pleadings [#24], Emergency Motion to Stay Removal [#30], Motion for Joinder of Parties [#34], and Motion for Leave to File a Reply to the Opposition to Defendant's Opposition of Joinder of Parties [#38]; and Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [#29] and Motion for

---

[5] Accordingly, Plaintiff's Motion for Leave to File a Reply to Defendant's Opposition for Joinder of Parties [#38] is moot and is therefore DENIED.

Leave to File a Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss [#39] are DENIED. Plaintiff's Amended Complaint [#20] is DISMISSED.

    IT IS SO ORDERED.

Date: July 29, 2019                                                  /s/ Indira Talwani
                                                                                United States District Judge